## GARRISON, ex., vs. NELSON.

APPEAL: *From Justice of Peace.*
> The provision of section 3811 Gantt's Digest, that proceedings in actions by attachment, and actions of replevin before Justices of the Peace shall be regulated by the Code of Practice, does not apply to the mode of appealing, which is regulated by the provisions of that chapter.

APPEAL from *Arkansas* Circuit Court.

Hon. P. C. DOOLEY, Circuit Judge.

*Garland,* for appellant.

Appeal is matter of right, not dependent on affidavit. Bond unnecessary without supersedeas. This appeal was taken in accordance with law. Gantt's Digest, sec's 3822, 3825, p. 700 ; objections as to time saved by sec. 3827.

ENGLISH, CH. J. :

The transcript in this case shows that on the 27th February, 1873, James B. Garrison executor of James Wade, deceased, filed before a Justice of the Peace of Arkansas County, a complaint and affidavit in a suit against James T. Nelson, and that an order of delivery issued on the same day.

On the 26th July, 1873, there was a trial by jury, verdict for defendant, and a judgment that he recover of the plaintiff the property mentioned and described in the complaint; by which we infer that the suit was replevin for some sort of property.

The judgment entry also shows that the plaintiff prayed an appeal to the Circuit Court, which was granted.

It appears that on the 19th of August, 1873, a transcript of the Magistrate's judgment and bill of costs was filed in the office of the Clerk of the Circuit Court, and on the same day the Clerk issued an order to the Justice, reciting that the plaintiff had taken an appeal in the cause, etc., and commanding the Justice to transmit all the original papers in the suit, etc. (Code, sec. 828.)

It does not appear that the original papers were sent up.

A summons was issued to the appellee to answer the appeal etc., 5th of September, and served 6th October, 1873. (Ib.)

In the Circuit Court (October 22nd, 1873,) the appellee, Nelson, moved to dismiss the appeal on the grounds:

*First*—That no affidavit was filed before the Justice of the Peace, as required by law, to the effect that the appeal was not taken for delay but that justice might be done, which was a prerequisite to an appeal, the judgment from which the appeal was taken having been rendered by the Justice of the Peace on the 26th July, 1873.

*Second*—There was no appeal bond given as required by law.

The court sustained the motion, and dismissed the appeal and Garrison excepted and appealed to this court.

If the appellant in fact filed with the Justice an affidavit for appeal, as required by the statute, he might have asked the court for a rule upon the Justice requiring him to return it. Gantt's Digest, sec. 3829. No such rule having been asked, it is probable that appellant failed to make or caused to be made and filed before the Justice such affidavit.

The appeal was perhaps taken under the provisions of the Civil Code (sec. 828) in ignorance of the passage of the act of April 29th, 1873 ; (Gantt's Digest, ch. 82), or through misconstruction of the provisions of the act.

The act took effect and was in force from its passage, and had been in force nearly three months when the judgment was rendered.

Under the act no appeal can be allowed by a Justice of the Peace, unless the appellant, or some person for him, shall make and file with the Justice an affidavit that the appeal is not taken for the purpose of delay but that justice may be done. Gantt's Digest, sec. 3821.

The party may appeal without giving bond, but in such case there is no supersedeas; ib., 3822.

The Code mode of appealing from judgments of Justice of the Peace was displaced by the act of 29th April, 1873, and a different mode substituted. The mode prescribed by the act must be followed in replevin suits as well as others. Sec. 3811, Gantt's Digest, whatever else it may mean, was not intended to continue in force the Code mode of appealing in replevin suits, and except such suits out of the general provisions of the act regulating appeals. The act doubtless intended to provide for a uniform mode of appealing in all suits in which an appeal is allowed.

The judgement of the court below must be affirmed.